**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF TEXAS**
**TYLER DIVISION**

| | | |
|---|---|---|
| **RECEIVER FERDOSE AL-TAIE,** | § | |
| | § | |
| **Plaintiff,** | § | **CIVIL ACTION NO. 6:25-CV-00362-JCB** |
| | § | |
| **v.** | § | |
| | § | |
| **SHANE TRAVELLER, KENNETH WIEDRICH, KIM CRAVEY, ROBERT SHEAR, DAVID TRAVELLER, PHILIP MCELROY, JOHN COLLIER, MICHAEL KAMINSKI, JOHN H. DIESEL, MIC FUHRMAN, ADRIAN GARCIA, TRENT KELLEY, SKYLAR COTTON, KRISTI EVANS, MONTE FAUSETT, WILLIAM ABT, BRANDY FIELDS, ROBIE WILLIAMS, JEREMY NEENAN, HALEIGH M. OWENS, NANCY CRAVEY, TRAVELLER CONSULTING, INC., GSET MANAGEMENT CORPORATION, CLYDE CAMERON CRAVEY, TAMARA TRAVELLER, ANGELA RAE WIEDRICH, JAMES LOOKABAUGH, RICHARD BARBER, JIM MCCANN, CARLO E. CARAVETTA, JOSHUA HUKILL, CLAUDE SHANNON CRAVEY, JOHN CAMERON CRAVEY, JOSEPH MICHAEL SIERAKOSKI, BRYON THOMAS WARNES, CHAUNCEY SAYRE, ALEXIS CRAVEY COTTON, TIMOTHY ROBERTS, JOEL HUKILL, DEAN LOVELAND, CARY ROTHMAN, JOHN KENNEY, SHARISSA WARD, HALEY CRAVEY, TRAVELLER AND COMPANY, LLC, DESERT RIDGE, LLC, OIL RIG CONSULTING, LLC, TROY ABBOTT, ALAN THOMAS, RAY BOYKIN,** | § § § § | |
| | | |
| **Defendants.** | | |

**REPORT AND RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE**

Before the court are Defendants Adrian Garcia; Alexis Cravey Cotton; Carlo Caravetta; Claude Shannon Cravey; Clyde Cameron Cravey; David Traveller; Haley Cravey; Jim McCann; Joel Hukill; John Cameron Cravey; John Hank Diesel; Joshua Hukill; Kenneth Wiedrich; Kim Cravey; Kristi Evans; Monte Fausett; Nancy Cravey; Ray Boykin; Richard Barber; Robert Shear; Skylar Cotton; and Timothy Roberts; Traveller and Company, LLC; and Traveller Consulting, Inc.'s motions to dismiss (Doc. Nos. 15–16, 21, 24–29, 37, 63, 74–75, 77, 79, 86, 103, 105, 107, 109, 111, 113, 115, 117, 119, 121, 149, 154, 159).[1] Plaintiff Receiver Ferdose al-Taie filed responses to Defendants' motions (Doc. Nos. 33, 39, 40, 45, 69, 83, 88, 93, 125, 162), and Defendants Adrian Garcia, Alexis Cravey Cotton, Carlo Caravetta, Claude Shannon Cravey, Clyde Cameron Cravey, Haley Cravey, Jim McCann, John Hank Diesel, Kim Cravey, Monte Fausett, Nancy Cravey, Ray Boykin, Skylar Cotton, and Timothy Roberts filed replies (Doc. Nos. 34, 44, 71, 92, 95, 97, 131–139). For the reasons stated herein, Defendants' motions to dismiss (Doc. Nos. 15–16, 21, 24–29, 37, 63, 74–75, 77, 79, 86, 103, 105, 107, 109, 111, 113, 115, 117, 119, 121, 149, 154, 159) should be **GRANTED-IN-PART** and **DENIED-IN-PART**.

**BACKGROUND**

Plaintiff Ferdose al-Taie brings this action in her capacity as court-appointed receiver for a group of related entities (the "receivership entities") that were the subject of a Securities and Exchange Commission ("SEC") enforcement action and asset freeze. (Doc. No. 3, at 2, 6). Acting on behalf of those entities, the Receiver seeks to recover funds allegedly misappropriated through

[1] The court notes that some Defendants have filed multiple motions to dismiss. Specifically, Defendants Clyde Cameron Cravey (Doc. Nos. 75, 107), Haley Cravey (Doc. Nos. 28, 109), Jim McCann (Doc. Nos. 77, 79), John Cameron Cravey (Doc. Nos. 25, 113), and Kristi Evans (Doc. Nos. 29, 111) have each filed two motions to dismiss. Defendant Ray Boykin filed three. (Doc. Nos. 15–16, 21.)

a multi-year fraudulent scheme orchestrated by numerous defendants, including "Insider" Defendants, who allegedly operated and controlled the scheme, "Promoter" Defendants, who assisted in soliciting investments, and "Beneficiary" Defendants who otherwise benefitted from the scheme. *Id.* at 5, 24.

Plaintiff identifies the "Insider" Defendants as a large group of individuals who allegedly acted as principals and core participants in the scheme, including Shane Traveller, Clyde Cameron Cravey, Kenneth Wiedrich, Robert Shear, James Lookabaugh, David Traveller, Jim McCann, John Collier, William Abt, Alan Thomas, Joshua Hukill, Michael Kaminski, Claude Shannon Cravey, John Hank Diesel, John Cameron Cravey, Mic Fuhrman, Mike Sierakoski, Adrian Garcia, Bryon Thomas Warnes, Trent Kelly, Troy Abbott, Chauncey Sayre, Skylar Cotton, Alexis Cravey Cotton, and Kristi Evans. *Id.* at 24–25. These "Insider" Defendants allegedly conceived of, directed, and executed the fraudulent enterprise, including forming entities, creating marketing materials, and controlling investor funds. *Id.* at 24–25, 39. Plaintiff also alleges that the "Insider" Defendants failed to observe corporate formalities and used several of the business entities that they owned, namely Defendants Desert Ridge, LLC; GSET Management Corporation; Oil Rig Consulting, LLC; Traveller and Company, LLC; and Traveller Consulting, Inc., as vehicles for their own personal business and financial affairs. *Id.* at 54–56.

In contrast, the "Promoter" Defendants were comprised of a network of unlicensed promoters who were paid commissions to solicit investments in the receivership entities. *Id.* at 4, 40. Plaintiff identifies the "Promoter" Defendants as Timothy Roberts, Monte Fausett, Charlie Wagner, Joel Hukill, Ray Boykin, Dean Loveland, Brandy Fields, Cary Rothman, Robie Williams, John Kenney, Jeremy Neenan, and Sharissa Ward. *Id.* at 40. Plaintiff alleges that these "Promoter" Defendants did not control the scheme but instead played a role in its success by recruiting

investors, transmitting funds, or serving as nominal officers to conceal the "Insider" Defendants' involvement. *Id.* at 39–40.

Plaintiff also identifies a third category of Defendants who were not primarily alleged to have directed the fraud scheme or solicit investors. *Id.* at 12–24. Instead, Plaintiff alleges that these "Beneficiary" Defendants knew of the fraud scheme and received investor funds and other benefits derived from the scheme because of their familial or professional relationships with the "Insider" Defendants. *Id.* The "Beneficiary" Defendants are comprised of Angela Rae Wiedrich, Carlo Caravetta, Haleigh Morgyn Owens, Haley Cravey, Kim Cravey, Nancy Cravey, and Tamara Traveller. *Id.*

Plaintiff claims that, from approximately 2015–2023, Defendants operated a fraud scheme that raised at least $40 million from investors through the sale of shares and other securities in numerous purported business ventures. *Id.* at 3, 24. Plaintiff alleges that the entities Defendants promoted were shell companies that, beyond their registration, had no assets, employees, or legitimate operations. *Id.* at 25. Nevertheless, Defendants represented that these entities possessed "industry-disrupting" technologies across multiple sectors, including oil and gas, water filtration, mining, biotechnology, and COVID-19-related products. *Id.* at 3–4. Plaintiff alleges that the scheme began in 2015 with the formation of Reliable One Resources, Inc., which Defendant Kenneth Wiedrich (acting in concert with "at least" Angela Rae Wiedrich, Clyde Cameron Cravey, and Anthony Feezel) registered despite the entity having no real assets, employees, products, or other business operations. *Id.* at 25–26. Plaintiff states that Defendants marketed Reliable One as a company that had developed revolutionary mobile water-filtration technology capable of transforming the oil and gas industry. *Id.* at 25–26. Plaintiff claims that these representations were

false, but they proved effective in inducing investors to make substantial investments in the company. *Id.* at 26.

Plaintiff alleges that as the scheme progressed, the "Insider" Defendants expanded both the number of entities they controlled and of participants in the scheme. Defendants allegedly recruited family members and associates into the operation and formed additional ventures, including GeoEnhanced Technologies and J&R Oilfield Specialists, each of which was marketed using similar false claims of proprietary technology and profitability. *Id.* at 27–28. Plaintiff claims that over time the scheme grew to include numerous entities spanning multiple industries, all of which were fictitious or materially misrepresented. *Id.* at 29–34. Plaintiff states that the "Insider" Defendants followed a consistent pattern in their business operations: they would create a new entity, promote it using fabricated or misleading claims, raise funds from investors, and then abandon the entity once scrutiny of the entity's business operations increased or investor interest in the entity declined. *Id.* at 25.

To sustain the scheme, Plaintiff alleges that the Insider Defendants relied on the "Promoter" Defendants who used scripted sales pitches to solicit investments and connect prospective investors with principals. *Id.* at 39–40. Plaintiff states that these "Promoter" Defendants were compensated through undisclosed commissions tied to the funds they generated. *Id.* at 40. Throughout the scheme, Plaintiff alleges that Defendants used fabricated marketing materials, staged demonstrations, and false financial projections to create the illusion of legitimate operations. *Id.* at 4, 38. Plaintiff also claims that Defendants also took steps to conceal the identities and prior misconduct of Defendants Shane Traveller, Kenneth Wiedrich, and Clyde Cameron Cravey, including using proxies to appear as officers in public filings and omitting certain individuals from disclosures. *Id.* at 38–39. Plaintiff states that funds belonging to the business

entities created by the "Insider" Defendants were allegedly commingled and transferred among numerous accounts controlled by the "Insider" Defendants, often through affiliated entities and intermediaries, in a manner designed to obscure the origin and use of the funds. *Id.* at 5, 41–43. Plaintiff alleges that a substantial portion of these funds was diverted for personal use and tens of millions of dollars remain unaccounted for. *Id.* at 41–43.

Based on these alleged facts, Plaintiff now brings claims against Defendants for violations of the Securities Exchange Act of 1934, SEC Rule 10b-5, the Texas Securities Act, and the Securities Act of 1933 as well as claims for fraud, negligent misrepresentation, conversion, breach of fiduciary duty, and unjust enrichment. *Id.* at 43–54. Plaintiff also requests that the court pierce the corporate veils of Defendants Desert Ridge, LLC; GSET Management Corporation; Oil Rig Consulting, LLC; Traveller and Company, LLC; and Traveller Consulting, Inc. and impose a constructive trust "with respect to any funds that the Defendants wrongfully converted or obtained." *Id.* at 54–56.

**LEGAL STANDARD**

A complaint fails to state a claim upon which relief may be granted where it does not allege sufficient facts which, taken as true, state a claim which is plausible on its face and thus does not raise a right to relief above the speculative level. *See Montoya v. FedEx Ground Packaging Sys. Inc.*, 614 F.3d 145, 149 (5th Cir. 2010) (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). A claim has factual plausibility when the pleaded factual content allows the court to draw reasonable inferences that the defendant is liable for the misconduct alleged. *See Hershey v. Energy Transfer Partners, L.P.*, 610 F.3d 239, 245 (5th Cir. 2010); *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). This plausibility standard is not akin to a probability standard; rather, the plausibility

standard requires *more than the mere possibility* that the defendant has acted unlawfully. *Twombly*, 550 U.S. at 556 (emphasis supplied).

All well-pleaded facts are taken as true, but the district court need not accept as true conclusory allegations, unwarranted factual inferences, or legal conclusions. *See Whatley v. Coffin*, 496 F. App'x 414 (5th Cir. 2012) (unpublished) (citing *Plotkin v. IP Axess Inc.*, 407 F.3d 690, 696 (5th Cir. 2005)). Crucially, while the federal pleading rules do not require "detailed factual allegations," the rule does "demand more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Iqbal*, 556 U.S. at 678. A pleading offering "labels and conclusions" or a "formulaic recitation of the elements of a cause of action" will not suffice, nor does a complaint which provides only naked assertions that are devoid of further factual enhancement. *Id.*

"The court's review is limited to the complaint, any documents attached to the complaint, and any documents attached to the motion to dismiss that are central to the claim and referenced by the complaint." *Lone Star Fund V (U.S.), L.P. v. Barclays Bank PLC*, 594 F.3d 383, 387 (5th Cir. 2010). The court may also consider documents incorporated into the complaint by reference. *Tellabs, Inc. v. Makor Issues & Rts., Ltd.,* 551 U.S. 308, 322 (2007).

**DISCUSSION**

Across all motions to dismiss considered in this report and recommendation, the moving Defendants have raised three arguments that they contend justify dismissal of Plaintiff's claims against them. First, Defendants claim that this court lacks personal jurisdiction over them. (Doc. Nos. 25–29, 37, 74–75, 77, 79, 103, 105, 107, 109, 111, 113, 115, 117, 119, 121, 149.) Second, Defendants argue that the statutes of limitations and repose at issue in this case bar Plaintiff's claims against Defendants. (Doc. Nos. 15–16, 21, 24–29, 37, 63.) Finally, Defendants contend that Plaintiff has failed to plead sufficient facts for this court to reasonably infer that Defendants

individually engaged in wrongdoing. (Doc. Nos. 15–16, 21, 24–29, 37, 63, 74–75, 77, 79, 86, 103, 105, 107, 109, 111, 115, 117, 119, 121, 149, 154, 159.) In response to each motion, Plaintiff argues that she has pleaded sufficient facts to demonstrate that this court has personal jurisdiction over each Defendant, that the doctrine of adverse domination and the discovery rule tolled the relevant statutes of limitations until at least February 2024, and that Plaintiff sufficiently pleaded facts to plausibly state her claims against each individual Defendant. (Doc. Nos. 33, 39, 40, 45, 69, 83, 88, 93, 125, 162.) Each of these three arguments are addressed in turn.

**I. Personal Jurisdiction**

Defendants Adrian Garcia, Alexis Cravey Cotton, Claude Shannon Cravey, Clyde Cameron Cravy, Haley Cravey, Jim McCann, Joel Hukill, John Cameron Cravey, John Hank Diesel, Joshua Hukill, Kenneth Wiedrich, Kim Cravey, Kristi Evans, Nancy Cravey, Robert Shear, and Skylar Cotton argue that Plaintiff's claims against them should be dismissed because Plaintiff has failed to plead sufficient facts for this court to conclude it has personal jurisdiction over Defendants. (Doc. Nos. 25–29, 37, 74–75, 77, 79, 103, 105, 107, 109, 111, 113, 115, 117, 119, 121, 149.) Plaintiff in her responses contends that Defendants have presented no explanation as to why this court would not have personal jurisdiction over Defendants, and Plaintiff further asserts that she has pleaded sufficient facts for this court to conclude that it has personal jurisdiction over all Defendants in this action. (Doc. Nos. 40, 45, 83, 88.)

Absent extenuating circumstances, a court must address any challenge to personal jurisdiction over a defendant before addressing the defendant's challenge to the merits of a claim. *See Sinochem Int'l Co. v. Malaysia Int'l Shipping Corp.*, 549 U.S. 422, 430–31 (2007) (citing *Steel Co. v. Citizens for Better Env't*, 523 U.S. 83, 93–102 (1998)). A federal court sitting in diversity generally applies traditional minimum contacts analysis to questions of personal jurisdiction. *See*

*Latshaw v. Johnston,* 167 F.3d 208, 211 (5th Cir.1999). Under this analysis, a court will evaluate the contacts between a defendant and the forum state to determine whether the exercise of jurisdiction over the defendant would be permissible under the Fourteenth Amendment's due process clause. *See Alpine View Co. v. Atlas Copco AB*, 205 F.3d 208, 215 (5th Cir. 2000)

However, "the requirement that the defendant have minimum contacts with the forum state does not apply in a federal question case in which personal jurisdiction is attained pursuant to a federal statute authorizing nationwide service of process." *Allen v. Byrne*, No. 3:07-CV-0601, 2008 WL 763066, at *2 (N.D. Tex. Mar. 24, 2008) (citing *Busch v. Buchman, Buchman & O'Brien, Law Firm,* 11 F.3d 1255, 1258 (5th Cir. 1994); *SEC. v. Cook,* 3:01–CV–0480–R, 2001 WL 803791, at *2 (N.D. Tex. July 11, 2001)). Instead, Federal Rule of Civil Procedure 4(k)(1)(C) provides that "[s]erving a summons or filing a waiver of service establishes personal jurisdiction over a defendant…when authorized by a federal statute." Fed. R. Civ. P. 4(k)(1)(D). "Where service is authorized by federal statute, the more expansive due process requirements of the Fifth Amendment govern the controversy and 'the relevant [due process] inquiry is whether the defendant has had minimum contacts with the United States.'" *Allen*, 2008 WL 763066, at *2 (quoting *Bellaire Gen. Hosp. v. Blue Cross Blue Shield of Mich.*, 97 F.3d 822, 825–26 (5th Cir. 1996)).

Plaintiff brings this action pursuant to the Securities Act of 1933 and the Securities Exchange Act of 1934. (Doc. No. 3, at 43–44, 48.) Plaintiff also alleges violations of the Texas Securities Act and Texas state law. *Id.* at 44–47, 49–56. "The jurisdiction…provision of the 1934 Act, 15 U.S.C. § 78aa, obviously governs this court's personal jurisdiction as to the 1934 Act claims. That provision also governs actions under the 1933 Act when, as here, a plaintiff joins 1933 Act and 1934 Act claims in one suit." *G.R.M. v. Equine Inv. & Mgmt. Grp.,* 596 F. Supp.

307, 311 (S.D. Tex. 1984) (citing *Hilgeman v. Nat'l Ins. Co. of America,* 547 F.2d 298, 301 n.7 (5th Cir. 1977)). "[T]he general rule is that where a plaintiff [asserts] claims under both the [19]33 and [19]34 Acts, the less restrictive jurisdiction and venue provisions contained in § 27 of the 1934 Act are to be applied." *Allen*, 2008 WL 763066, at *3 (quoting *Hilgeman*, 547 F.2d at 301 n.7). Additionally, "[t]hat 1934 Act provision likewise governs this court's personal jurisdiction as to plaintiff ['s] pendent Texas law claims." *G.R.M.,* 596 F. Supp. at 311 (citations omitted).

All of Plaintiff's claims stem from Defendants' alleged operation of a multi-year fraud scheme to solicit and misappropriate investor funds through a network of sham business entities. (*See* Doc. No. 3, at 3–6.) Therefore, Plaintiff's federal and state claims arise out of a "common nucleus of operative fact." *See United Mine Workers of America v. Gibbs*, 383 U.S. 715, 725 (1966). Because of this, if the court concludes that it may exercise personal jurisdiction over Defendants with respect to Plaintiff's federal claims, the court can also exercise pendant personal jurisdiction over Defendants with respect to Plaintiff's state law claims. *See Allen*, 2008 WL 763066, at *3 (citing *Newby v. Enron Corp.,* 465 F. Supp. 2d 687, 706 (S.D. Tex. 2006); *G.R.M.,* 596 F. Supp. at 311 (citations omitted)).

§78aa of the 1934 Act provides that "process…may be served in any other district of which the defendant is an inhabitant or wherever the defendant may be found." 15 U.S.C. §78aa; *see also Allen*, 2008 WL 763066, at *3. Accordingly, in determining whether this court has personal jurisdiction over Defendants in this case, the relevant inquiry is whether each Defendant has minimum contacts with the United States. *See Allen*, 2008 WL 763066, at *3; *909 Corp. v. Vill. of Bolingbrook Police Pension Fund*, 741 F. Supp. 1290, 1292 (S.D. Tex. 1990) ("[§] 27 of the [1934] Act provides that 'process…may be served in any district of which the defendant is an inhabitant or wherever the defendant may be found.' 15 U.S.C. § 78aa (1988). Therefore, there is nationwide

service of process over any defendant having minimum contacts with the United States.") (citing *Mariash v. Morrill*, 496 F.2d 1138, 1143 (2d Cir. 1974); *Taylor v. Bear Stearns & Co.*, 572 F. Supp. 667, 679 (N.D. Ga. 1983)). A resident of the United States has sufficient contacts with the United States to satisfy the requirements of due process. *See Lowe v. Eltan B.V.*, No. 9:05-CV-38, 2006 WL 8457134, at *22 (E.D. Tex. Mar. 27, 2006) (citing *F.T.C. v. Jim Walter Corp.*, 651 F. 2d 251, 256 (5th Cir. Unit A 1981) (citations omitted)); *see also Allen*, 2008 WL 763066, at *2 (citing *Bellaire Gen. Hosp.*, 97 F.3d at 825) ("when a congressional statute provides for nationwide service of process, a district court will have personal jurisdiction over a United States resident who is personally served in the United States since a resident has sufficient minimum contacts with the United States by virtue of the United States resident's residency."). "When…the district court conducted no evidentiary hearing, the party seeking to assert jurisdiction must present sufficient facts to make out only a prima facie case supporting jurisdiction." *Alpine View Co.*, 205 F.3d at 215 (citing *Felch v. Transportes Lar–Mex SA De CV,* 92 F.3d 320, 326 (5th Cir. 1996)).

Here, Plaintiff has made a prima facie case supporting this court's jurisdiction over Defendants Adrian Garcia, Alexis Cravey Cotton, Claude Shannon Cravey, Clyde Cameron Cravy, Haley Cravey, Jim McCann, Joel, Hukill, John Cameron Cravey, John Hank Diesel, Joshua Hukill, Kenneth Wiedrich, Kim Cravey, Kristi Evans, Nancy Cravey, Robert Shear, and Skylar Cotton. Plaintiff alleges that each of these Defendants are residents and domiciliaries of the United States. (Doc. No. 3, at 9–24.) Specifically, Plaintiff states that Defendant Jim McCann is a resident and domiciliary of the State of Florida, Defendant Kenneth Wiedrich is a resident and domiciliary of the State of Louisiana, and all other Defendants challenging this court's personal jurisdiction are residents and domiciliaries of the State of Texas. *Id.* Plaintiff's allegations that Defendants are U.S. residents and domiciliaries are supported by each of the above-named Defendants' inclusion

of a United States address with the rest of their contact information in their respective motions to dismiss. (*See* Doc. Nos. 25–29, 37, 74–75, 77, 79, 103, 105, 107, 109, 111, 113, 115, 117, 119, 121, 149.) Proof of service documents and responses filed by Plaintiff further indicate that the above-named Defendants were served with process and receive service of filings in this action at the United States addresses listed in their respective motions to dismiss. (*See* Doc. Nos. 40, 45, 83, 87–88, 99, 128, 142, 144, 151.)

While the above-named Defendants argue generally that "[t]he Court may not have jurisdiction over [them] for some or all of the allegations" against them (Doc. Nos. 25–29, 37, at 2–4), or that Plaintiff relied on "vague, conclusionary, group pleading to claim personal jurisdiction" (Doc. Nos. 74–75, 77, 79, at 4), none of the above named Defendants contest that they are U.S. residents, that they were served with process in the United States, or that they continue to receive documents filed in this case at addresses in the United States. (*See* Doc. Nos. 25–29, 37, 74–75, 77, 79, 103, 105, 107, 109, 111, 113, 115, 117, 119, 121, 149.) A mere "cursory assertion" of a court's lack of jurisdiction is insufficient for a court to grant a defendant's motion to dismiss on personal jurisdiction grounds. *Samak v. Buda*, No. 1:02-CV-288, 2002 WL 31246518, at *2 (E.D. Tex. Oct. 8, 2002). The above-named Defendants' failure to engage with the crux of Plaintiff's individualized jurisdictional allegations critically undermines their challenge to this court's personal jurisdiction.

Because Adrian Garcia, Alexis Cravey Cotton, Claude Shannon Cravey, Clyde Cameron Cravy, Haley Cravey, Jim McCann, Joel Hukill, John Cameron Cravey, John Hank Diesel, Joshua Hukill, Kenneth Wiedrich, Kim Cravey, Kristi Evans, Nancy Cravey, Robert Shear, and Skylar Cotton have failed to explain why Plaintiff's individualized allegations are insufficient to suggest that this court has jurisdiction over the above-named Defendants or how these above-named

Defendants are not current residents and domiciliaries of the United States, this court concludes that Plaintiff has made her prima facie case supporting personal jurisdiction over these Defendants. Accordingly, the court should decline to grant Defendants Adrian Garcia, Alexis Cravey Cotton, Claude Shannon Cravey, Clyde Cameron Cravy, Haley Cravey, Jim McCann, Joel Hukill, John Cameron Cravey, John Hank Diesel, Joshua Hukill, Kenneth Wiedrich, Kim Cravey, Kristi Evans, Nancy Cravey, Robert Shear, and Skylar Cotton's respective motions to dismiss (Doc. Nos. 25–29, 37, 74–75, 77, 79, 103, 105, 107, 109, 111, 113, 115, 117, 119, 121, 149) on personal jurisdiction grounds.

## II. Statute of Limitations

Defendants Carlo Caravetta, Haley Cravey, John Cameron Cravey, Joshua Hukill, Kenneth Wiedrich, Kristi Evans, Monte Fausett, Ray Boykin, Robert Shear, and Timothy Roberts contend that Plaintiff's claims against them should be dismissed because the statutes of limitations for each of Plaintiff's claims have run. (Doc. Nos. 15–16, 21, 24–29, 37, 63.) Plaintiff argues in her responses that the discovery rule and the doctrine of adverse domination tolled any applicable statutes of limitations in this case until at least February 1, 2024 because Plaintiff "lacked any reasonably feasible means to discover [these] cause[s] of action" prior to that point. (*See* Doc. No. 3, at 44, 46–54; *see also* Doc. Nos. 33, 40, 45, 69.)

"As a general rule, a statute of limitations defense is 'normally an issue that must be resolved through discovery and summary judgment.'" *L.B. Benon Family Ltd. P'ship v. N.F. Mgmt., Inc.*, No. SA-21-CV-01115-XR, 2024 WL 3836759, at *4 (W.D. Tex. Aug. 15, 2024) (quoting *Dollery v. Post Acute Med. Mgmt.*, No. 6:18-CV-00104, 2022 WL 161333 LLC, at *1 (S.D. Tex. Jan. 18, 2022); *Frame v. City of Arlington*, 657 F.3d 215, 240 (5th Cir. 2011)). "Defendants 'bear the burden of proof on the statute of limitations defense' and dismissal of claims

on these grounds is proper at the 12(b)(6) stage 'only where it is evident from the [complaint] that the action is barred and the [complaint] fail[s] to raise some basis for tolling.'" *Id.* (quoting *Acad. of Allergy & Asthma in Primary Care v. Quest Diagnostics, Inc.*, 998 F.3d 190, 200 (5th Cir. 2021) (citation and internal quotations omitted)). "Dismissal should be granted 'only when the plaintiff's potential rejoinder to the affirmative defense was foreclosed by the allegations in the complaint.'" *Id.* (quoting *Jaso v. The Coca Cola Co.*, 435 F. App'x 346, 352 (5th Cir. 2011)).

In her responses to Defendants' motions to dismiss, Plaintiff invokes both the discovery rule and the doctrine of adverse domination to argue that all statutes of limitations in this case did not begin to run until "a reasonable time after this [c]ourt appointed a forensic accounting team to help unravel this years-long, complex securities fraud scheme in February 2024." (Doc. No. 69, at 7; *see also* Doc. No. 3, at 44, 46–54; Doc. No. 33, at 4; Doc. No. 40, at 6; Doc. No. 45, at 6–7.) Plaintiff contends in her responses that the adverse domination doctrine would have tolled any applicable statutes of limitations until February 8, 2023 when the court appointed her Receiver because, prior to her appointment, the receivership entities were under the control of directors whom Plaintiff argues were culpable in this alleged long-running fraud scheme. (*See* Doc. No. 69, at 6; *see also* Doc. No. 3, at 44, 46–54; Doc. No. 33, at 4; Doc. No. 40, at 6; Doc. No. 45, at 6–7.) Plaintiff additionally states that the discovery rule would have tolled any applicable statutes of limitations until at least February 1, 2024 when the court granted her permission to hire a forensic consultant because, prior to the consultant's involvement in the case, Plaintiff was unable to learn of Defendants' alleged misconduct. (*See* Doc. No. 69, at 7; *see also* Doc. No. 3, at 44, 46–54; Doc. No. 33, at 4; Doc. No. 40, at 6; Doc. No. 45, at 6–7.) The above-named Defendants in their respective motions and replies either assert that Plaintiff has failed to plead sufficient facts indicating that she was unable to discover the alleged misconduct until February 2024 (*see* Doc.

No. 24, at 6; Doc. No. 34, at 1–2; Doc. No. 44, at 5–6; Doc. No 63, at 6–9; Doc. No. 71, at 1–2), or they do not directly address either of the doctrines Plaintiff seeks to invoke. (*See* Doc. Nos. 15–16, 21, 25–29, 37.)

"The adverse domination doctrine provides that while culpable individuals continue to have superior power over a corporation, limitations are tolled until a majority of disinterested directors discover or are put on notice of a cause of action." *Askanase v. Fatjo*, 828 F. Supp. 465, 471 (S.D. Tex. 1993) (citing *FDIC v. Nathan,* 804 F. Supp. 888, 894 (S.D. Tex. 1992); *ITT, an Int'l Inv. Trust v. Cornfeld,* 619 F.2d 909, 909; *FDIC v. Howse,* 736 F. Supp. 1437, 1442 (S.D. Tex. 1990); *Allen v. Wilkerson,* 396 S.W.2d 493, 500 (Tex. Civ. App.—Austin 1965, writ ref'd n.r.e.)). "The doctrine's primary policy rationale is that a wrongdoing corporate officer or director will seek to hide his or her wrongful conduct from the corporation." *F.D.I.C. v. Shrader & York*, 991 F.2d 216, 227 (5th Cir. 1993) (citing *F.D.I.C. v. Howse,* 736 F. Supp. 1437, 1442 (S.D. Tex.1990)). Neither the Fifth Circuit nor the United States Supreme Court has reached the issue of how the adverse domination doctrine may be applied to toll the statute of limitations under § 1658(b)(1) as it applies to claims under the Exchange Act of 1934 or SEC Rule 10b-5.

The discovery rule is "a doctrine that delays accrual of a cause of action until the plaintiff has 'discovered' it." *Merck & Co. v. Reynolds*, 559 U.S. 633, 644 (2010). A claim is "discovered" within the meaning of the rule when the plaintiff "first knows or with due diligence should know facts that will form the basis for an action." *Id.* at 646 (citations omitted). If a plaintiff invokes the discovery rule at the motion to dismiss stage of litigation, "movants bear the burden of establishing as a matter of law that the statute of limitations applies to plaintiff's claim[s] despite the discovery rule." *BKL Holdings, Inc. v. Globe Life Inc.*, 660 F. Supp. 3d 602, 612 (E.D. Tex. 2023) (citing *Huawei Techs. Co. v. Yiren Huang*, No. 4:17-CV-00893, 2018 WL 1964180, at *10 (E.D. Tex.

Apr. 25, 2018)). Thus, when a plaintiff "at least plausibly sets out facts where the discovery rule might apply, the court cannot resolve that issue in the context of a motion to dismiss." *Janvey v. Suarez*, 978 F. Supp. 2d 685, 708 (N.D. Tex. 2013) (cleaned up).

The United States Supreme Court has concluded that the discovery rule may be used to toll the statute of limitations for claims under the Securities Exchange Act of 1934, SEC Rule 10b-5, and the Securities Act of 1933. *See Merck & Co.*, 559 U.S. at 633–634. Additionally, courts applying Texas state law have held that the discovery rule may be applied to the Texas state law claims at issue in this case. *See Baxter v. Gardere Wynne Sewell LLP*, 182 S.W.3d 460, 464 (Tex. App.—Dall. 2006, pet. denied) (applying the discovery rule to claims under the Texas Securities Act); *Berkley v. Am. Cyanamid Co.*, 799 F.2d 995, 998 (5th Cir. 1986) (applying the discovery rule to fraud claims); *Malik v. ConocoPhillips Co.*, No. 6:12-CV-655, 2014 WL 3420775, at *3–4 (E.D. Tex. June 23, 2014) (applying the discovery rule to negligent misrepresentation claims); *Lee v. Samsung Elecs. Am., Inc.*, No. 4:21-CV-1321, 2022 WL 4243957, at *20–21 (S.D. Tex. Sept. 13, 2022) (applying the discovery rule to unjust enrichment claims); *Carbajal v. Wells Fargo Bank, N.A.*, No. EP-19-CV-00083-DCG, 2020 WL 13413199, at *6–7 (W.D. Tex. May 5, 2020) (applying the discovery rule to conversion claims); *Goughnour v. Patterson, Tr. of Deborah Patterson Howard Tr.*, No. 12-17-00234-CV, 2019 WL 1031575, at *3 (Tex. App.—Tyler Mar. 5, 2019, pet. denied) (applying the discovery rule to unjust enrichment claims).

Applying the law stated above, the court concludes that Plaintiff has plausibly pleaded sufficient facts for this court to infer that both the adverse domination doctrine and the discovery rule may toll the applicable statutes of limitations at this stage of the litigation. Plaintiff alleges that the receivership entities remained under the control of the Defendants who served as officers or directors of the receivership entities and used the receivership entities to perpetuate the alleged

fraud scheme until Plaintiff was appointed as Receiver on February 8, 2023. (Doc. No. 3, at 44, 46, 49–54.) Further, Plaintiff claims that the complex nature of the alleged fraud scheme prevented her from discovering the factual basis for her claims against Defendants until the court authorized the retention of a forensic accountant on February 1, 2024. *Id.* If true, these allegations indicate that the doctrine of adverse domination may be applied to toll the statutes of limitations as to Plaintiff's claims against the above-named Defendants whom Plaintiff claims were officers or directors in the receivership entities. *See Askanase*, 828 F. Supp. at 471 (citing *Nathan,* 804 F. Supp. at 894; *Cornfeld,* 619 F.2d at 909; *Howse,* 736 F. Supp. at 1442; *Allen,* 396 S.W.2d at 500). These allegations also suggest that the discovery rule may be applied to toll the statutes of limitations as to all of Plaintiff's claims against the above-named Defendants to the extent that they are not barred by the applicable statutes of repose. *See Merck & Co.*, 559 U.S. 644; *Janvey*, 978 F. Supp. 2d at 708.

Accordingly, the court declines to conclude as a matter of law that Plaintiff's claims against Defendants Carlo Caravetta, Haley Cravey, John Cameron Cravey, Joshua Hukill, Kenneth Wiedrich, Kristi Evans, Monte Fausett, Ray Boykin, Robert Shear, and Timothy Roberts are barred by the relevant statutes of limitations. The court should decline to grant Defendants Carlo Caravetta, Haley Cravey, John Cameron Cravey, Joshua Hukill, Kenneth Wiedrich, Kristi Evans, Ray Boykin, and Robert Shear's respective motions to dismiss (Doc. Nos. 15–16, 21, 24–29, 37, 63) based on the statutes of limitations at issue in this case.

**III. Sufficiency of Plaintiff's Factual Allegations**

All of the moving Defendants argue that Plaintiff has failed to plead sufficient facts for this court to reasonably infer that Defendants have engaged in any wrongdoing under both federal and state law. (Doc. Nos. 15–16, 21, 24–29, 37, 63, 74–75, 77, 79, 86, 103, 105, 107, 109, 111, 115,

117, 119, 121, 149, 154, 159.) Plaintiff concedes in her responses to some of Defendants' motions to dismiss that § 17(a) of the Securities Act of 1933 does not grant Plaintiff a private right of action and thus Plaintiff cannot state a § 17(a) claim on which relief can be granted. (Doc. Nos. 40, 45, 69.) However, Plaintiff contends that she has pleaded sufficient facts to plausibly assert each of her remaining claims against Defendants. (Doc. Nos. 33, 39, 40, 45, 69, 83, 88, 93, 125, 162.) Plaintiff's federal and state law claims are addressed in turn.

## A. Federal Law Claims

### i. *Securities Exchange Act of 1934 and Rule 10b-5 Claims*

Plaintiff first asserts her claim against Defendants Adrian Garcia, Alexis Cravey Cotton, Claude Shannon Cravey, Clyde Cameron Cravey, David Traveller, Jim McCann, John Cameron Cravey, John Hank Diesel, Joshua Hukill, Kenneth Wiedrich, Kristi Evans, Richard Barber, Robert Shear, and Skylar Cotton for violations of §10(b) of the Securities Exchange Act of 1934 and SEC Rules 10b-5(a) and 10b-5(c). (Doc. No. 3, at 43–44.) Plaintiff collectively refers to these Defendants, as well as others who have not filed motions to dismiss, as the "Insider" Defendants.[2] *Id.* at 25. Plaintiff alleges that from 2015–2023 the "Insider" Defendants operated a complex fraud scheme by creating a series of sham business entities, marketing those entities through material misrepresentations and omissions, and soliciting investments in those entities. *Id.* at 25. Plaintiff further alleges that when a business entity started to draw suspicion or stopped being profitable, the "Insider" Defendants would abandon the entity, create a new entity, and continued the scheme. *Id.* As investors bought shares and other securities in the "Insider" Defendants' business entities,

[2] The court notes that Plaintiff does allege that Defendant Carlo Caravetta was a director of one of the receivership entities. (*See* Doc. No. 3, at 14.) However, Plaintiff lists who the "Insider" Defendants are multiple times in her complaint, and she does not include Defendant Carlo Caravetta in that list at any point. *See id.* at 25, 27–29. As such, this court will consider the claims against Defendant Carlo Caravetta to be only those claims alleged against all Defendants.

Plaintiff claims that the "Insider" Defendants diverted investor funds for their own personal use rather than using those funds for legitimate business purposes. *Id.* at 41–43. Plaintiff states that the "Insider" Defendants knowingly, or with reckless disregard for the truth, engaged in this course of conduct to defraud investors in violation of §10(b) of the Securities Exchange Act of 1934 and SEC Rules 10b-5(a) and 10b-5(c). *Id.* at 43–44. In response, the above-named "Insider" Defendants argue that Plaintiff has failed to plead sufficient facts to satisfy the pleading standards set forth in Federal Rules of Civil Procedure 8 and 9(b). (*See* Doc. Nos. 25–27, 29, 37, 63, 74–75, 77, 79, 86, 105, 107, 111, 113, 115, 117, 119, 159.) The "Insider" Defendants contend that Plaintiff has instead pleaded facts relating to the "Insider" Defendants and their conduct as a group, which the "Insider" Defendants state is impermissible under Fifth Circuit precedent. (Doc. Nos. 25–27, 29, 37, 74–75, 77, 79, 86, 105, 107, 111, 113, 115, 117, 119, 159.)

§10(b) of the Securities Exchange Act of 1934 prohibits "(1) the 'use or employ[ment]…of any…deceptive device,' (2) 'in connection with the purchase or sale of any security,' and (3) 'in contravention of' Securities and Exchange Commission 'rules and regulations.'" *Lormand v. US Unwired, Inc.*, 565 F.3d 228, 238 (5th Cir. 2009) (quoting 15 U.S.C. § 78j(b)). Additionally, a defendant may be held liable under SEC Rule 10b-5(a) if the plaintiff pleads facts indicating that defendant "employ[ed] any device, scheme or artifice to defraud." 17 C.F.R. § 240.10b-5(a). Rule 10b-5(c) imposes liability on a defendant who "engage[d] in any act, practice, or course of business which operates or would operate as a fraud or deceit upon any person." 17 C.F.R. § 240.10b-5(c). Together, §10(b) of the Securities Exchange Act of 1934 and SEC Rule 10b-5 create a private damages action for securities fraud. *Lormand*, 565 F.3d at 238.

To state a securities fraud claim under §10(b) and Rule 10b-5(a) and 10b-5(c), a plaintiff must plead facts indicating that a defendant "(1) committed a deceptive or manipulative act, (2)

with scienter, that (3) the act affected the market for securities or was otherwise in connection with their purchase of sale, and (4) that the defendant's actions caused the plaintiff's injuries." *Yoshikawa v. Exxon Mobil Corp.*, No. 3:21-CV-00194-N, 2023 WL 5489054, at *3 (N.D. Tex. Aug. 24, 2023) (citing *Ranieri v. AdvoCare Int'l, L.P.*, 336 F. Supp. 3d 701, 720 (N.D. Tex. 2018); *In re Enron Corp. Sec.*, 529 F. Supp. 2d 644, 678 n.45 (S.D. Tex. 2006)). Scienter requires an "intent to deceive, manipulate, or defraud" or "severe recklessness." *Broad v. Rockwell Int'l Corp.*, 642 F.2d 929, 961 (5th Cir. 1981); *Owens v. Jastrow*, 789 F.3d 529, 535–36 (5th Cir. 2015). A plaintiff must plead facts indicating that each defendant whom plaintiff's claim is asserted against possessed the requisite intent for plaintiff's claim to survive a motion to dismiss. Plaintiff cannot state a plausible securities fraud claim under §10(b) and Rule 10b-5 by generally alleging scienter, nor can a plaintiff state a plausible claim by merely alleging that "the individual [defendant's] position [in a business entity] supports a reasonable inference of his awareness or negligence." *Parmelee v. Santander Consumer USA Holdings, Inc.*, No. 3:16-CV-783-K, 2018 WL 276338, at *2–3 (N.D. Tex. Jan. 3, 2018) (citing *Southland Secs. Corp. v. INSpire Ins. Sols., Inc.*, 365 F.3d 353, 362 (5th Cir. 2004); L*ocal 731 I.B. of T. Excavators & Pavers Pension Tr. Fund v. Diodes, Inc.*, 810 F.3d 951, 958 (5th Cir. 2016)).

In addition to these basic pleading elements, Plaintiff's claim under the Securities Exchange Act of 1934 and SEC Rule 10b-5 must also satisfy the heightened pleading standard of Federal Rule of Civil Procedure Rule 9(b). *See Tuchman v. DSC Commc'ns Corp.*, 14 F.3d 1061, 1068 (5th Cir. 1994) (holding that the heightened pleading standard of Rule 9(b) applies to federal securities law claims). Federal Rule of Civil Procedure 9(b) requires in part that when pleading a claim of fraud or mistake, as Plaintiff does here, "a party must state with particularity the circumstances constituting fraud." Fed. R. Civ. P. 9(b). Fifth Circuit precedent requires that Rule

9(b) be applied strictly and that a party asserting a claim "specify the statements contended to be fraudulent, identify the speaker, state when and where the statements were made, and explain why the statements were fraudulent." *Flaherty & Crumrine Preferred Income Fund, Inc. v. TXU Corp.*, 565 F.3d 200, 207 (5th Cir. 2009) (quoting *Williams v. WMX Techs., Inc.*, 112 F.3d 175, 177 (5th Cir. 1997)). "Rule 9(b) requires that plaintiffs plead enough facts to illustrate 'the "who, what, when, where, and how" of the alleged fraud.'" *Carroll v. Fort James Corp.*, 470 F.3d 1171, 1174 (5th Cir. 2006) (quoting *U.S. ex rel. Williams v. Bell Helicopter Textron Inc.*, 417 F.3d 450, 453 (5th Cir. 2005)). While what constitutes "particularity" is context specific and will depend on the facts of each case, merely making general, unsubstantiated charges of fraud is insufficient. *Guidry v. Bank of LaPlace*, 954 F.2d 278, 288 (5th Cir. 1992).

Rule 9(b) does permit a Plaintiff to allege "malice, knowledge, intent, and other conditions of a person's mind" generally. Fed. R. Civ. P. 9(b). However, a mere conclusory allegation that a defendant had the requisite intent to commit fraud will not satisfy Rule 9(b). *See Tuchman v. DSC Commc'ns Corp.*, 14 F.3d 1061, 1068 (5th Cir. 1994); *Melder v. Morris*, 27 F.3d 1097, 1102 (5th Cir. 1994). "To adequately plead fraudulent intent, the plaintiff must set forth specific facts that support an inference of fraud." *Solano v. Ali Baba Mediterranean Grill, Inc.*, No. 3:15-CV-0555-G, 2015 WL 7770893, at *3 (N.D. Tex. Dec. 3, 2015) (citing *Tuchman*, 14 F.3d at 1068). "The factual background adequate for an inference of fraudulent intent can be satisfied by alleging facts that show the defendant's motive." *Id.*

A plaintiff stating a claim under §10(b) and Rule 10b-5 must also comply with the standards of the Private Securities Litigation Reform Act ("PSLRA"). *See* 15 U.S.C. § 78u–4. Like Rule 9(b), the PSLRA "requires a plaintiff to identify each allegedly misleading statement or omission with particularity and explain why it is misleading." *See Lormand*, 565 F.3d at 239 (citing

15 U.S.C. § 78u–4(b)(1)). The PSLRA also requires a plaintiff to allege facts "giving rise to a strong inference that the defendant acted with the required state of mind." *Id.* (quoting 15 U.S.C. § 78u–4(b)(2)). "The inference of scienter must ultimately be 'cogent and compelling,' not merely 'reasonable' or 'permissible.'" *Ind. Elec. Workers' Pension Tr. Fund IBEW v. Shaw Grp., Inc.,* 537 F.3d 527, 533 (5th Cir. 2008) (quoting *Tellabs, Inc. v. Makor Issues & Rts., Ltd.,* 551 U.S. 308, 321–22 (2007)).

Here, Plaintiff failed to plausibly allege a claim under the Securities Exchange Act of 1934 and SEC Rule 10b-5 against any of the "Insider" Defendants. First, Plaintiff has failed to plead any facts as to Defendants Alexis Cravey Cotton, Claude Shannon Cravey, David Traveller, Jim McCann, John Cameron Cravey, John Hank Diesel, Joshua Hukill, Kristi Evans, Richard Barber, Robert Shear, and Skylar Cotton that give rise to a "strong inference" of scienter. Plaintiff has pleaded that each of these Defendants was involved in the management of one or more of the receivership entities. (Doc. No. 3, at 12–19.) However, "an individual's position in a corporation's hierarchy, without more, is insufficient to support a strong inference of scienter." *In re Reliant Sec. Litig.*, No. H-02-1810, 2004 WL 7347565, at *7 (S.D. Tex. Jan. 16, 2004) (citing *Abrams v. Baker Hughes Inc.*, 292 F.3d 424, 432 (5th Cir. 2002); *Nathenson v. Zonagen Inc.*, 267 F.3d 400, 424 (5th Cir. 2001); *In re Advanta Corp. Sec. Litig.*, 180 F.3d 525, 539 (3d Cir. 1999)).

Plaintiff also pleads several misstatements, omissions, and other deceptive acts that she attributes to the "Insider" Defendants collectively and contends are sufficient to suggest that each "Insider" Defendant acted with the requisite scienter. (Doc. No. 3, at 25–26, 28–43.) However, "[a]llegations against defendants as a group, without more specific connections between an individual Defendant an allegedly fraudulent act, should be disregarded" when evaluating whether a plaintiff has stated a plausible claim under § 10(b) and Rule 10b-5. *Yoshikawa*, 2023 WL

5489054, at *3 (citing *Owens*, 789 F.3d at 537–38). Without facts that may be fairly attributable to each of these "Insider" Defendants giving rise to a strong inference of scienter, Plaintiff's claim against these "Insider" Defendants fails as a matter of law.

With respect to Defendants Adrian Garcia, Clyde Cameron Cravey, and Kenneth Wiedrich, Plaintiff does plead facts beyond these Defendants' respective roles within the receivership entities to support her claim against them under § 10(b) and Rule 10b-5. (*See* Doc. No. 3, at 9–12, 18, 25, 39–40.) Specifically, Plaintiff pleads that Defendant Adrian Garcia held himself out to investors as the developer of a "revolutionary electro seismic surveying system" that did not exist from 2019–2023, and Plaintiff alleges that Defendants Clyde Cameron Cravey and Kenneth Wiedrich failed to disclose their involvement with the receivership entities to investors from 2015–2023. (Doc. No. 3, at 18, 39–40.) However, even assuming that this information supports a strong inference of scienter, these allegations are insufficient to state a plausible claim under § 10(b), Rule 10b-5(a), and Rule 10b-5(c). Any alleged misrepresentations or omissions that Plaintiff relies on to assert her claim against the above-named "Insider" Defendants must be pleaded with sufficient particularity to satisfy Rule 9(b). *See Tuchman*, 14 F.3d at 1068; Fed. R. Civ. P. 9(b). Claims that a defendant made misstatements or omitted material information at various points over a multi-year period insufficient. *See Campbell v. Tex. Tea Reclamation, LLC*, No. 3:20-CV-00090, 2021 WL 2211690, at *3 (S.D. Tex. May 6, 2021) (citing *U.S. ex rel. Gage v. Davis S.R. Aviation, L.L.C.*, 623 F. App'x 622, 627 (5th Cir. 2015) (holding that plaintiff's allegations that the purported misstatements occurred between late-2015 and the first half of 2018 were not particular enough to satisfy Rule 9(b)), *report and recommendation adopted*, No. 3:20-CV-90, 2021 WL 2211807 (S.D. Tex. June 1, 2021). Because Plaintiff does not plead when these alleged statements or omissions occurred with sufficient particularity, these alleged statements and omissions cannot support

Plaintiff's claim against Defendants Adrian Garcia, Clyde Cameron Cravey, and Kenneth Wiedrich. *See* Fed. R. Civ. P. 9(b); *see also Campbell*, 2021 WL 2211690, at *3 (citing *Davis S.R. Aviation, L.L.C.*, 623 F. App'x at 627).

Moreover, as explained above, any statements, omissions, or conduct that Plaintiff pleads with regards to the "Insider" Defendants are also insufficient to support Plaintiff's claim under § 10(b), Rule 10b-5(a), and Rule 10b-5(c) against these "Insider" Defendants. *See Yoshikawa*, 2023 WL 5489054, at *3 (citing *Owens*, 789 F.3d at 537–38). Because Plaintiff has not sufficiently pleaded any deceptive acts by Defendants Adrian Garcia, Clyde Cameron Cravey, or Kenneth Wiedrich to support Plaintiff's claim against them under § 10(b), Rule 10b-5(a), and Rule 10b-5(c), Plaintiff's claim against these "Insider" Defendants must fail as a matter of law. *See Yoshikawa*, 2023 WL 5489054, at *3 (citing *Ranieri*, 336 F. Supp. 3d at 720; *In re Enron Corp. Sec.*, 529 F. Supp. 2d at 678 n.45).

Accordingly, Defendants Adrian Garcia, Alexis Cravey Cotton, Claude Shannon Cravey, Clyde Cameron Cravey, David Traveller, Jim McCann, John Cameron Cravey, John Hank Diesel, Joshua Hukill, Kenneth Wiedrich, Kristi Evans, Richard Barber, Robert Shear, and Skylar Cotton's respective motions to dismiss (Doc. Nos. 25–27, 29, 37, 74–75, 77, 79, 86, 105, 107, 111, 113, 115, 117, 119, 159) should be **GRANTED** as to Plaintiff's claims against them under the Securities Exchange Act of 1934 and SEC Rule 10b-5.

Plaintiff also asserts her claim under the Securities Act of 1934 against "Insider" Defendants Alan Thomas, Bryon Thomas Warnes, Chauncey Sayre, John Collier, Michael Kaminski, and Troy Abbott. (Doc. No. 3, at 25, 43–44.) As of August 11, 2026, each of these Defendants is either unserved or defaulting. (Doc. No. 151, at 5–6.) Even though these "Insider" Defendants have not filed motions to dismiss in this matter, "[w]here a defending party establishes

that a Plaintiff has no cause of action, the defense generally also inures to the benefit of a defaulting or unserved defendant." *See Lewis v. Lynn*, 236 F.3d 766, 768 (5th Cir. 2001); *see also McCarty v. Zapata Cnty.*, 243 F. App'x 792, 794 (5th Cir. 2007) (unpublished). Here, the grounds for dismissal of the claims against the moving "Insider" Defendants are equally applicable to Defendants Alan Thomas, Bryon Thomas Warnes, Chauncey Sayre, John Collier, Michael Kaminski, and Troy Abbott. (*See* Doc. No. 3, at 25, 43–44.) As such, Plaintiff's claim against Defendants Alan Thomas, Bryon Thomas Warnes, Chauncey Sayre, John Collier, Michael Kaminski, and Troy Abbott under § 10(b) of the Securities Exchange Act of 1934 and SEC Rule 10b-5(a) and 10b-5(c) should be **DISMISSED** for failure to state a claim.

ii. *Securities Act of 1933 Claims*

Plaintiff also asserts a claim against all of the moving Defendants for violations of § 17(a) of the Securities Act of 1933. (Doc. No. 3, at 48.) However, as Plaintiff has acknowledged in her responses to some of the moving Defendants' motions to dismiss, § 17(a) of the Securities Act of 1933 does not create a private right of action. *Stephenson v. Paine Webber Jackson & Curtis, Inc.*, 839 F.2d 1095, 1100 (5th Cir. 1988) ("§ 17(a) of the Federal Securities Act of 1933 does not create an implied private cause of action") (citing *Landry v. All Am. Assurance,* 688 F.2d 381, 384–91 (5th Cir. 1982); *Keys v. Wolfe,* 709 F.2d 413, 416 (5th Cir. 1983)); (*see also* Doc. No. 40, at 4; Doc. No. 45, at 4; Doc. No. 69, at 8.) Because of this, Plaintiff cannot state a plausible claim against the "Insider" Defendants under § 17(a) of the Securities Act of 1933 as a matter of law.

Accordingly, Defendants Adrian Garcia; Alexis Cravey Cotton; Carlo Caravetta; Claude Shannon Cravey; Clyde Cameron Cravey; David Traveller; Haley Cravey; Jim McCann; Joel Hukill; John Cameron Cravey; John Hank Diesel; Joshua Hukill; Kenneth Wiedrich; Kim Cravey; Kristi Evans; Monte Fausett; Nancy Cravey; Ray Boykin; Richard Barber; Robert Shear; Skylar

Cotton; Timothy Roberts; Traveller and Company, LLC; and Traveller Consulting, Inc.'s respective motions to dismiss (Doc. Nos. 15–16, 21, 24–29, 37, 63, 74–75, 77, 79, 86, 103, 105, 107, 109, 111, 113, 115, 117, 119, 121, 149, 154, 159) should be **GRANTED** as to Plaintiff's claim against them under the Securities Act of 1933.

Plaintiff additionally asserts her claim under the Securities Act of 1933 against Defendants Alan Thomas; Angela Rae Wiedrich; Brandy Fields[3]; Bryon Thomas Warnes; Cary Rothman; Chauncey Sayre; Desert Ridge, LLC; GSET Management Corporation; John Collier; John Kenney; Michael Kaminski; Oil Rig Consulting, LLC; Phillip McElroy; Sharissa Ward; and Troy Abbott. (*See* Doc. No. 3, at 48.) As of August 11, 2026, each of these Defendants is either unserved or defaulting. (*See* Doc. Nos. 151, 153.) Because this court has concluded that Plaintiff concluded that § 17(a) of the Securities Act of 1933 does not provide a private right of action under which Plaintiff can bring a claim, that defense benefits and inures the aforementioned Defendants as well. *See Lewis*, 236 F.3d at 768; *see also McCarty*, 243 F. App'x at 794. Accordingly, Plaintiff's claim against Defendants under § 17(a) of the Securities Act of 1933 Alan Thomas; Angela Rae Wiedrich; Brandy Fields; Bryon Thomas Warnes; Cary Rothman; Chauncey Sayre; Desert Ridge, LLC; GSET Management Corporation; John Collier; John Kenney; Michael Kaminski; Oil Rig Consulting, LLC; Phillip McElroy; Sharissa Ward; and Troy Abbott should be **DISMISSED** for failure to state a claim.

## B. State Law Claims

[3] The court is aware of Plaintiff's notice regarding Plaintiff's intent to halt her pursuit of a default judgment against Defendant Brandy Fields and Plaintiff's knowledge of a new address at which Defendant Brandy Fields may be served. (Doc. No. 161.) However, because Brandy Fields remains unserved at this time, Plaintiff's intent to defer default proceedings against Defendant Brandy Fields and attempt service again does not alter the court's conclusion here.

In addition to her federal law claims, Plaintiff asserts claims under Texas state law against the "Insider" Defendants for breach of fiduciary duty and violations of the Texas Securities Act as well as claims for fraud, negligent misrepresentation, conversion, and unjust enrichment against all Defendants in this action. (Doc. No. 3, at 44–47, 49–54.) Because complete diversity of citizenship does not exist in this case, this court's original jurisdiction extends only to Plaintiff's federal law claims. *See* 28 U.S.C. § 1331; (*see also* Doc. No. 1, at 24). 28 U.S.C. § 1367 grants this court supplemental jurisdiction over any of Plaintiff's state law claims that are "so related to claims in the action within such original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution." 28 U.S.C. § 1367(a). However, the "general rule" in the Fifth Circuit is to decline supplemental jurisdiction over state law claims when "the district court has dismissed all claims over which it has original jurisdiction." *Joseph v. City of New Orleans*, No. CV 22-1333, 2023 WL 3569122, at *17 (E.D. La. May 18, 2023); *see also Brookshire Bros. Holding Co. v. Dayco Prods., Inc.*, 554 F.3d 595, 602 (5th Cir. 2009).

In this action, there are still federal claims remaining against Defendants Dean Loveland, Haleigh Morgyn Owens, James Lookabaugh, Joseph Michael Sierakoski, Mic Fuhrman, Robie Williams, Trent Kelley, and William Abt as these Defendants have all filed answers in response to Plaintiff's complaint. (*See* Doc. Nos. 42, 58–60, 62, 65–66, 100–02, 138.) Additionally, Defendants Shane Traveller and Tamara Traveller have been served, but their time to file an answer or motion to dismiss has not yet expired. (*See* Doc. No. 163.) Plaintiff thus has federal claims remaining against those Defendants as well. Because this court still has original jurisdiction over claims remaining in this action, it is not necessary at this stage of litigation for the court to reach the issue of whether supplemental jurisdiction should be retained over Plaintiff's state law claims. *See* 28 U.S.C. §§ 1367(a), 1367(c).

However, rather than prematurely reaching the merits of Plaintiff's state law claims against the Defendants identified previously herein who do not have plausible federal claims asserted against them, the court should hold the Plaintiff's state law claims against those Defendants in abeyance pending the resolution of Plaintiff's remaining federal law claims in this action and stay the case as to those Defendants. Following the resolution of those federal law claims, the court may then determine whether the continued exercise of supplemental jurisdiction over Plaintiff's state-law claims is appropriate under 28 U.S.C. §§ 1367.

## CONCLUSION

For the reasons stated above, the court **RECOMMENDS** that Defendants Adrian Garcia; Alexis Cravey Cotton; Carlo Caravetta; Claude Shannon Cravey; Clyde Cameron Cravey; David Traveller; Haley Cravey; Jim McCann; Joel Hukill; John Cameron Cravey; John Hank Diesel; Joshua Hukill; Kenneth Wiedrich; Kim Cravey; Kristi Evans; Monte Fausett; Nancy Cravey; Ray Boykin; Richard Barber; Robert Shear; Skylar Cotton; Timothy Roberts; Traveller and Company, LLC; and Traveller Consulting, Inc.'s respective motions to dismiss (Doc. Nos. 15–16, 21, 24–29, 37, 63, 74–75, 77, 79, 86, 103, 105, 107, 109, 111, 113, 115, 117, 119, 121, 149, 154, 159) be **GRANTED** as to Plaintiff's federal law claims against them, which should be **DISMISSED** with prejudice for failure to state a claim. The court further **RECOMMENDS** that Plaintiff's federal law claims against Defendants Alan Thomas; Angela Rae Wiedrich; Brandy Fields; Bryon Thomas Warnes; Cary Rothman; Chauncey Sayre; Desert Ridge, LLC; GSET Management Corporation; John Collier; John Kenney; Michael Kaminski; Oil Rig Consulting, LLC; Phillip McElroy; Sharissa Ward; and Troy Abbott be **DISMISSED** with prejudice for failure to state a claim. The court additionally **RECOMMENDS** that Plaintiff's state law claims against Defendants Adrian Garcia; Alan Thomas; Alexis Cravey Cotton; Angela Rae Wiedrich; Brandy Fields; Bryon Thomas

Warnes; Carlo Caravetta; Cary Rothman; Chauncey Sayre; Claude Shannon Cravey; Clyde Cameron Cravey; David Traveller; Desert Ridge, LLC; GSET Management Corporation; Haley Cravey; Jim McCann; Joel Hukill; John Cameron Cravey; John Collier; John Hank Diesel; John Kenney; Joshua Hukill; Kenneth Wiedrich; Kim Cravey; Kristi Evans; Michael Kaminski; Monte Fausett; Nancy Cravey; Oil Rig Consulting, LLC; Phillip McElroy; Ray Boykin; Richard Barber; Robert Shear; Sharissa Ward; Skylar Cotton; Timothy Roberts; Traveller and Company, LLC; Traveller Consulting, Inc.; and Troy Abbott be held in abeyance pending the resolution of the remaining federal law claims in this action and that the case be stayed as to these Defendants.

Within fourteen (14) days after receipt of the Magistrate Judge's Report, any party may serve and file written objections to the findings and recommendations contained in the Report. A party's failure to file written objections to the findings, conclusions, and recommendations contained in this Report within fourteen days after service shall bar that party from de novo review by the district judge of those findings, conclusions, and recommendations. *Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1430 (5th Cir. 1996) (en banc), *superseded on other grounds by statute*, 28 U.S.C. § 636(b)(1) (extending the time to file objections from ten to fourteen days). Except upon grounds of plain error, failure to file written objections will also bar the non-objecting party from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted and adopted by the district court. *Id.*

**So ORDERED and SIGNED this 11th day of August, 2026.**

JOHN D. LOVE
UNITED STATES MAGISTRATE JUDGE