UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TEXAS

No. 6:25-cv-00362

**Receiver Ferdose al-Taie,**
*Plaintiff,*
v.
**Shane Traveller et al.,**
*Defendants.*

## ORDER

Before the court are motions to dismiss by defendants in a securities-fraud action. Docs. 15–16, 21, 24–29, 37, 63, 74–75, 77, 79, 86, 103, 105, 107, 109, 111, 113, 115, 117, 119, 121, 149, 154, 159. The court referred the case to a magistrate judge, who issued a report recommending that the court grant the motions to dismiss as to the federal-law claims and deny the motions as to the state-law claims. Doc. 164 at 28–29. The report further recommended that the court hold the state-law claims in abeyance pending resolution of the remaining federal-law claims and that the case be stayed as to the defendants whose federal-law claims were dismissed. *Id.* Plaintiff timely objected to the report. Doc. 170.

For the following reasons, the court dismisses the federal-law claims without prejudice to repleading and holds the state-law claims in abeyance. The court also grants plaintiff's request for leave to amend. Within 28 days of this order, plaintiff may file an amended complaint to address the pleading deficiencies in her first amended complaint.

### I. Standard of review

The court reviews the objected-to portions of a magistrate judge's report and recommendation de novo. 28 U.S.C. § 636(b)(1)(C); Fed. R. Civ. P. 72(b)(3). But the "objections must specifically identify those findings objected to. Frivolous, conclusive, or general objections need not be considered by the district court." *Nettles v. Wainwright*, 677 F.2d 404, 410 n.8 (5th Cir. Unit

B 1982) (en banc), *overruled on other grounds by Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415 (5th Cir. 1996) (en banc). Further, a party's entitlement to de novo review does not entitle it to raise arguments that were not presented to the magistrate judge without a compelling reason. *See Cupit v. Whitley*, 28 F.3d 532, 535 n.5 (5th Cir. 1994). The court reviews unobjected-to portions of the report for clear error and for legal conclusions that are contrary to law. *See* Fed. R. Civ. P. 72(b), advisory committee's notes to 1983 amendment; *United States v. Wilson*, 864 F.2d 1219, 1221 (5th Cir. 1989).

## II. Analysis

Plaintiff objects that she adequately alleged scheme liability, including the requisite scienter, under Securities and Exchange Commission Rules 10b-5(a) and (c). *Id.* at 9–14. Plaintiff also contends that holding the state-law claims in abeyance would "create delay and expense without advancing the litigation" and undermine the centralization of asset recovery in one court. *Id.* at 14–15.[1]

### A. Sufficiency of the federal-law claims

Plaintiff alleged that certain defendants violated SEC Rules 10b-5(a) and (c). Doc. 3 at 43–44. Plaintiff refers to these defendants—Adrian Garcia, Alexis Cravey Cotton, Claude Shannon Cravey, Clyde Cameron Cravey, David Traveller, Jim McCann, John Cameron Cravey, John Hank Diesel, Joshua Hukill, Kenneth Wiedrich, Kristi Evans, Richard Barber, Robert Shear, and Skylar Cotton—as the "insider" defendants. *Id.* at 25. She alleges that the insider defendants operated a complex fraud scheme from 2015 to 2023. *Id.* She also alleges that the insider defendants knowingly, or with reckless disregard for the truth, committed fraud in violation of Rules 10b-5(a) and (c). *Id.* at 43–44. The court

[1] The report also recommended that the court decline to grant the motions to dismiss on the grounds of personal jurisdiction or statute of limitations. Doc. 164 at 8–17. No party objected to those recommendations. Having reviewed the record for clear error, the court finds none and accepts those recommendations.

finds, however, that plaintiff failed to plead with sufficient particularity.

Section 10(b) of the Securities Exchange Act grants the SEC rulemaking authority to define and prohibit deceptive or manipulative practices. 15 U.S.C. § 78j(b). Under that authority, Rule 10b-5 imposes liability on any person who, "in connection with the purchase or sale of any security," (a) "employ[ed] any device, scheme, or artifice to defraud" or (c) "engage[d] in any act, practice, or course of business which operates or would operate as a fraud or deceit upon any person." 17 C.F.R. § 240.10b-5(a), (c). Rule 10b-5(a) and (c) claims are known as "scheme liability" claims because they are based on deceptive conduct. *See SEC v. Verges*, 716 F. Supp. 3d 456, 466 (N.D. Tex. 2024) (citation omitted).

To state a scheme liability claim, a plaintiff must plead facts indicating that a defendant "(1) committed a deceptive or manipulative act; (2) in furtherance of the alleged scheme to defraud; (3) with scienter." *Id.* at 467; *see also Yoshikawa v. Exxon Mobil Corp.*, No. 3:21-cv-00194-N, 2023 WL 5489054, at *3 (N.D. Tex. Aug. 24, 2023) (Godbey, C.J.) (citations omitted).

A securities-fraud plaintiff must satisfy the heightened pleading standards of the Private Securities Litigation Reform Act (PSLRA) and Federal Rule of Civil Procedure Rule 9(b). *See Southland Sec. Corp. v. INSpire Ins. Sols., Inc.*, 365 F.3d 353, 362–63 (5th Cir. 2004) (noting that the PSLRA reinforces Rule 9(b)'s requirements); *Flaherty & Crumrine Preferred Income Fund, Inc. v. TXU Corp.*, 565 F.3d 200, 207 (5th Cir. 2009) (citation omitted). Rule 9(b) requires that the plaintiff "state with particularity the circumstances constituting fraud." Fed. R. Civ. P. 9(b). That is, a plaintiff must "specify the statements contended to be fraudulent, identify the speaker, state when and where the statements were made, and explain why the statements were fraudulent." *Flaherty*, 565 F.3d at 207 (citation omitted).

"Scienter in a securities fraud case connotes 'an intent to deceive, manipulate, defraud, or severe recklessness.'" *Loc. 731 I.B.*

*of T. Excavators & Pavers Pension Tr. Fund v. Diodes, Inc.*, 810 F.3d 951, 958 (5th Cir. 2016) (citation modified). A securities-fraud plaintiff must allege specific facts that, taken together, give rise to a "strong inference" of scienter. *See Tellabs, Inc. v. Makor Issues & Rts., Ltd.*, 551 U.S. 308, 324 (2007); *Flaherty*, 565 F.3d at 207 (citing 15 U.S.C. § 78u–4(b)(2)). So "[t]he inference of scienter must ultimately be 'cogent and compelling,' not merely 'reasonable' or 'permissible.'" *Ind. Elec. Workers' Pension Tr. Fund IBEW v. Shaw Grp., Inc.*, 537 F.3d 527, 533 (5th Cir. 2008) (citation omitted).

The heightened pleading standards bring two relevant rules for establishing scienter. First, unless there are "special circumstances," "an officer's position with a company does not suffice to create an inference of scienter" by itself. *Loc. 731*, 810 F.3d at 958–59 (citations omitted). And second, the Fifth Circuit has rejected the group pleading approach in securities-fraud cases. *See Southland*, 365 F.3d at 365. Instead, the court must:

> look to the state of mind of the individual corporate official or officials "who make or issue the statement (or order or approve it or its making or issuance, or who furnish information or language for inclusion therein, or the like) rather than generally to the collective knowledge of all the corporation's officers and employees acquired in the course of their employment.

*Flaherty*, 565 F.3d at 208 (citation omitted).

Here, plaintiff failed to plausibly allege a claim under Rule 10b-5(a) or (c) against any of the insider defendants. Plaintiff has pleaded misstatements, omissions, and other deceptive acts that she attributes to the insider defendants collectively. Doc. 3 at 25–26, 28–43. But, as noted above, the Fifth Circuit has rejected the group pleading approach to scienter. *Flaherty*, 565 F.3d at 208. Thus, without facts giving rise to a strong inference of scienter that are fairly attributable to *each* of the insider defendants individually, plaintiff's claims against the insider defendants fail as a matter of law.

Plaintiff has pleaded that insider defendants Alexis Cravey Cotton, Claude Shannon Cravey, David Traveller, Jim McCann,

John Cameron Cravey, John Hank Diesel, Joshua Hukill, Kristi Evans, Richard Barber, Robert Shear, and Skylar Cotton were each involved in the management of one or more of the receivership entities. *See* Doc. 3 at 12–19. But an individual's position in a company, without more, is insufficient to support a strong inference of scienter. *See Loc. 731*, 810 F.3d at 958–59. Thus, plaintiff fails to establish scienter as to these insider defendants.

Additionally, plaintiff has pleaded facts beyond company position as to insider defendants Adrian Garcia, Clyde Cameron Cravey, and Kenneth Wiedrich. Doc. 3 at 9–12, 18, 25, 39–40. Plaintiff alleges that defendant Garcia held himself out to investors as the developer of a "revolutionary electro seismic surveying system" that did not exist from 2019 to 2023. *Id.* at 18. And plaintiff alleges that defendants Cravey and Wiedrich failed to disclose their involvement with the receivership entities to investors from 2015 to 2023. *Id.* at 39–40.

But even assuming without deciding that this information supports a strong inference of scienter, these allegations fail to plead with particularity *when* defendants made misstatements or omissions. *See* Fed. R. Civ. P. 9(b); *Flaherty*, 565 F.3d at 207. Allegations that a defendant made misstatements or omitted material information over a multi-year period are insufficient to satisfy Rule 9(b)'s particularity standard. *See United States ex rel. Gage v. Davis S.R. Aviation, L.L.C.*, 623 F. App'x 622, 627 (5th Cir. 2015) (finding that an allegation "that defendants submitted nearly $4 million of false invoices to the government between 2009 and 2011" was not sufficiently specific under Rule 9(b)); *United States ex rel. Hebert v. Dizney*, 295 F. App'x 717, 722–23 (5th Cir. 2008) (finding that allegations that defendants routinely submitted bills over seven years were not sufficiently specific under Rule 9(b)). Here, because plaintiff failed to plead with sufficient particularity *when* the alleged misstatements or omissions occurred, those allegations cannot support her claim against defendants Adrian Garcia, Clyde Cameron Cravey, and Kenneth Wiedrich. Plaintiff has thus

failed to sufficiently plead any deceptive acts by these insider defendants.

By not pleading with particularity the "who, what, when, where, and how" of the alleged fraudulent scheme, plaintiff has failed to plausibly state a Rule 10b-5(a) or (c) claim. *Carroll v. Fort James Corp.*, 470 F.3d 1171, 1174 (5th Cir. 2006) (citation omitted).

**B. Holding state-law claims in abeyance**

Next, plaintiff argues that the court should not hold in abeyance her state-law claims against the defendants against whom she has not alleged plausible federal-law claims. Doc. 170 at 14–15. Federal claims remain against defendants Dean Loveland, Haleigh M. Owens, Joseph M. Sierakoski, William Abt, Mic Fuhrman, Trent Kelley, James Lookabaugh, and Robie Williams because they have filed answers in response to plaintiff's complaint. *See* Docs. 42, 58–60, 62, 65–66, 100–02, 138. The report also did not address the subsequently-filed motions to dismiss of Shane Traveller, Tamara Traveller, and Brandy Fields. Docs. 169, 181. The court thus retains jurisdiction over the claims remaining in this action, including plaintiff's state claims. *See* 28 U.S.C. § 1367; Doc. 3 at 44–47, 49–56.

If plaintiff's remaining federal claims fail, however, her state claims would also likely require dismissal. *See Enochs v. Lampasas Cnty.*, 641 F.3d 155, 161 (5th Cir. 2011) (explaining that the general rule "is to dismiss state claims when the federal claims to which they are pendent are dismissed"). Rather than prematurely deciding the question of supplemental jurisdiction, it is appropriate to stay decision of that issue until this court can better assess whether it will lose original jurisdiction over the action.

**III. Conclusion**

Having reviewed the record, the court grants the motions to dismiss the federal-law claims for failure to state a claim and holds the state-law claims in abeyance.

The motions to dismiss (Docs. 15–16, 21, 24–29, 37, 63, 74–75, 77, 79, 86, 103, 105, 107, 109, 111, 113, 115, 117, 119, 121, 149, 154, 159) by defendants Adrian Garcia; Alexis Cravey Cotton; Carlo Caravetta; Claude Shannon Cravey; Clyde Cameron Cravey; David Traveller; Haley Cravey; Jim McCann; Joel Hukill; John Cameron Cravey; John H. Diesel; Joshua Hukill; Kenneth Wiedrich; Kim Cravey; Kristi Evans; Monte Fausett; Nancy Cravey; Ray Boykin; Richard Barber; Robert Shear; Skylar Cotton; Timothy Roberts; Traveller and Company, LLC; and Traveller Consulting, Inc. are granted in part and denied in part. Plaintiff's federal claims against these defendants are dismissed without prejudice to repleading for failure to state a claim. Fed. R. Civ. P. 12(b)(6).

Because the grounds for dismissing the federal claims against the moving defendants are also applicable to the non-moving defendants, *see Lewis v. Lynn*, 236 F.3d 766, 768 (5th Cir. 2001) (per curiam), plaintiff's federal claims against defendants Alan Thomas; Angela Rae Wiedrich; Bryon Thomas Warnes; Cary Rothman; Chauncey Sayre; Desert Ridge, LLC; GSET Management Corporation; John Collier; John Kenney; Michael Kaminski; Oil Rig Consult, LLC; Phillip McElroy; Sharissa Ward; and Troy Abbott are dismissed for failure to state a claim.

Plaintiff's state-law claims (Doc. 3 at 44–47, 49–56) against the above defendants are held in abeyance pending the resolution of the federal claims in this action, and the case is stayed as to these defendants.

Finally, the court grants plaintiff's request for leave to amend her complaint. Doc. 170 at 9. Within 28 days of this order, plaintiff may file an amended complaint addressing the pleading deficiencies in her first amended complaint.

*So ordered by the court on September 30, 2026.*

J. Campbell Barker
United States District Judge