**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF TEXAS**
**TYLER DIVISION**

| | | |
|---|---|---|
| **RECEIVER FERDOSE AL-TAIE,**<br><br>**Plaintiff,**<br><br>**v.**<br><br>**SHANE TRAVELLER, KENNETH WIEDRICH, KIM CRAVEY, ROBERT SHEAR, DAVID TRAVELLER, PHILIP MCELROY, JOHN COLLIER, MICHAEL KAMINSKI, JOHN H. DIESEL, MIC FUHRMAN, ADRIAN GARCIA, TRENT KELLEY, SKYLAR COTTON, KRISTI EVANS, MONTE FAUSETT, WILLIAM ABT, BRANDY FIELDS, ROBIE WILLIAMS, JEREMY NEENAN, HALEIGH M. OWENS, NANCY CRAVEY, TRAVELLER CONSULTING, INC., GSET MANAGEMENT CORPORATION, CLYDE CAMERON CRAVEY, TAMARA TRAVELLER, ANGELA RAE WIEDRICH, JAMES LOOKABAUGH, RICHARD BARBER, JIM MCCANN, CARLO E. CARAVETTA, JOSHUA HUKILL, CLAUDE SHANNON CRAVEY, JOHN CAMERON CRAVEY, JOSEPH MICHAEL SIERAKOSKI, BRYON THOMAS WARNES, CHAUNCEY SAYRE, ALEXIS CRAVEY COTTON, TIMOTHY ROBERTS, JOEL HUKILL, DEAN LOVELAND, CARY ROTHMAN, JOHN KENNEY, SHARISSA WARD, HALEY CRAVEY, TRAVELLER AND COMPANY, LLC, DESERT RIDGE, LLC, OIL RIG CONSULTING, LLC, TROY ABBOTT, ALAN THOMAS, RAY BOYKIN,**<br><br>**Defendants.** | § | **CIVIL ACTION NO. 6:25-CV-00362-JCB** |

## MEMORANDUM OPINION AND ORDER

Before the Court is pro se Defendant Clyde Cameron Cravey's ("Defendant" or "Clyde") omnibus unopposed motion for sanctions, Rule 11 motion for future sanctions, motion to quash, motion for a protective order, and motion for suppression of evidence unlawfully received (Doc. No. 126.) For the reasons stated herein, the Court **ORDERS** that Defendant's omnibus motion (Doc. No. 126) be **GRANTED-IN-PART** and **DENIED-IN-PART**.

## BACKGROUND

Plaintiff initiated this federal securities action against numerous Defendants on September 15, 2025 (Doc. No. 1.) Plaintiff's claims arose under the Securities Act of 1933, the Securities Exchange Act of 1934, and state law. (Doc. No. 3, at 24.) The first motion to dismiss was filed on December 1, 2025. (Doc. No. 15.) Dozens of additional motions to dismiss followed. (*See* Doc. No. 164, at 2.) These motions remained pending until September 30, 2026. (Doc. No. 184.) While these motions were pending—on March 30, 2026—Plaintiff apparently served a third-party subpoena on Defendant Clyde's bank. (Doc. No. 126, at 2.)

## DISCUSSION

Defendant Clyde argues that Plaintiff's subpoena violated Federal Rule of Civil Procedure 45 and the automatic discovery stay provision of the Private Securities Litigation Reform Act ("PSLRA"). *Id.* at 3–4. Defendant asks this Court to (1) quash the subpoena, (2) order Plaintiff to return to the Bank all materials received by way of the subpoena, (3) order Plaintiff to destroy all materials received by way of the subpoena, (4) suppress all evidence received by way of the subpoena, (5) issue a protective order enforcing the PSLRA's automatic discovery stay, (6) hold Plaintiff in contempt and impose "significant contempt fines" for violating the automatic stay, (7)

order Plaintiff to pay Defendant's "actual damages and costs" resulting from the subpoena, and (8) further sanction Plaintiff for fees and costs under Rule 11 "in the future." *Id.* at 3–4.

## I. Motion to Quash

Defendant argues that the Court must quash the instant subpoena because Plaintiff failed to give him proper notice pursuant to Federal Rule of Civil Procedure 45(a)(4).

Under Rule 45(a)(4), if a subpoena "commands the production of documents, electronically stored information, or tangible things . . . then before it is served on the person to whom it is directed, a notice and a copy of the subpoena must be served on each party." Courts routinely quash subpoenas served in violation of Rule 45(a)(4). *See Plotner v. Diving*, Civ. No 22-553, 2022 U.S. Dist. LEXIS 241498, at *8 (E.D. La. July 22, 2022) (collecting cases).

Here, Defendant claims that Plaintiff served the instant subpoena on his bank without sending him prior notice. The subpoena apparently sought Defendant's "banking records," (Doc. No. 126, at 2), which were ostensibly either "documents" or "electronically stored information," Fed. R. Civ. P. 45(a)(4). Plaintiff failed to respond to the instant motion and thus waives any argument to the contrary. *See* E.D. Tex. Local Rule CV-7(d) ("A party's failure to oppose a motion . . . creates a presumption that the party does not controvert the facts set out by movant and has no evidence to offer in opposition."). Accordingly, the Court will quash the subpoena.

## II. Motion to Suppress Evidence

Next, Defendant asks the Court to order that any evidence obtained by way of the subpoena be (1) returned to the bank, (2) destroyed, and (3) excluded from the prosecution of this case. (Doc. No. 126, at 3–4.)

For two main reasons, the Court will deny Defendant's exclusionary requests. First, Defendant does not explain what evidence Plaintiff obtained from the bank. Defendant thus fails to show what specific records or documents the Court should even address here. Second, Defendant's motion is extraordinarily premature. This case is still in the early pleading stages: the Court has not even issued a scheduling order yet, and Plaintiff is due to file an amended complaint within weeks. (Doc. No. 184, at 7.) Excluding hypothetical evidence at such an early juncture is inappropriate and unwise. *See Kelly v. Patel*, Civ. No. 1:20-cv-01291, 2021 U.S. Dist. LEXIS 113210, at *4 (W.D. La. June 16, 2021) (denying motion in limine as "premature" where Court had not yet issued scheduling order) (and collecting cases).

## III. Motion for Sanctions

Next, the Court considers Defendant's requests for various sanctions. Defendant asks the Court to (1) hold Plaintiff in civil contempt for violating the PSLRA's discovery stay and Federal Rule of Civil Procedure 45's notice requirement, (2) impose significant fines on Plaintiff for violating the PSLRA's discovery stay, and (3) require Plaintiff to pay Defendant's "actual damages and costs" resulting from the subpoena. (Doc. No. 126, at 4.)

The Court will not hold Plaintiff in civil contempt. To justify civil contempt, Defendant must show that Plaintiff violated a court order. *See Ingalls v. Thompson (In re Bradley)*, 588 F.3d 254, 264 (5th Cir. 2009) ("[T]he elements of civil contempt are '(1) that a court order was *in effect*, and (2) that the order required certain conduct by the respondent, and (3) that the respondent failed to comply with the court's order.'") (emphasis in original) (quoting *Fed. Deposit Ins. Corp. v. LeGrand*, 43 F.3d 163, 170 (5th Cir. 1995)). But here, Defendant argues that Plaintiff violated a statutory discovery stay and a Federal Rule of Civil Procedure. Neither, standing alone, would justify holding Plaintiff in civil contempt.

Similarly, the monetary sanctions which Defendant requests are inappropriate under the circumstances. Pursuant to its inherent power,[1] the Court may impose monetary sanctions for violations of the Federal Rules of Civil Procedure, court orders, or other "lawful mandates." *Chambers v. NASCO, Inc.*, 501 U.S. 32, 43 (1991) (quoting *Anderson v. Dunn*, 19 U.S. 204, 227 (1821)). However—to justify such sanctions—Defendant must show that Plaintiff acted vexatiously, abusively, or otherwise in bad faith. *See City of Alexandria v. CLECO*, 547 F. App'x 568, 569–70 (5th Cir. 2013) (sanctions under the inherent power require a "specific finding" of "bad faith"); *Roadway Express v. Piper*, 447 U.S. 752, 764 (1980) ("[I]nherent powers must be exercised with restraint and discretion.") (citations omitted), *superseded on other grounds by statute*, 28 U.S.C. § 1927. To show bad faith—in a case with dozens of defendants—Defendant Clyde alleges that Plaintiff served one subpoena on one third-party bank one time. (Doc. No. 126, at 1–2.) If Plaintiff wanted to abusively circumvent the PSLRA's discovery stay, the Court would expect to see more than a single stray subpoena.

## IV. Rule 11 Motion

Defendant also requests that the Court "in the future, impose significant costs on Plaintiff's counsel under Rule 11" as "sanctions" for "abusive litigation." (Doc. No. 126, at 4.)

Defendant's Rule 11 motion suffers from fatal procedural defects. A Rule 11 motion must "be made separately from any other motion," and must first "be served under Rule 5." Fed. R. Civ. P. 11(c)(2). The motion cannot be filed until at least 21 days after service occurs. *Id.* Here,

[1] Neither Rule 45 nor the PSLRA provide for the monetary sanctions Defendant seeks. Rule 45 empowers the Court to modify or quash a subpoena. Fed. R. Civ. P. 45(d)(3)(A)(i)–(iv). Meanwhile, the PSLRA imposes a mandatory and automatic stay on discovery while a motion to dismiss is pending in a private securities litigation action. *See* 15 U.S.C. §§ 77z-1(b)(1), 78u-4(b)(3)(B). But the PSLRA does not specify how district courts should approach non-compliance. The statute does not even provide for sanctions in this context, much less mandate or encourage them. *See id.* Therefore, to adjudicate Defendant's sanctions request, the Court must look to its inherent powers for a rule of decision.

Defendant used the same moving papers to raise the Rule 11 issue and all the other purported bases for relief discussed above. Further, Defendant filed his motion only five days after attempting to serve it on Plaintiff via physical mail. (Doc. No. 126, at 4.) Therefore, Defendant's Rule 11 motion is procedurally defective and must be denied.

### V. Motion for Protective Order

Lastly, Defendant requests that the Court issue a protective order "enforcing the PSLRA automatic, mandatory stay." (Doc. No. 126, at 4.)

A protective order is unnecessary here. The PSLRA imposes a mandatory stay on all discovery while motions to dismiss are pending in a private securities litigation action. 15 U.S.C. §§ 77z-1(b)(1), 78u-4(b)(3)(B). The stay operates independently and automatically on the filing of a motion to dismiss; no court order is needed to carry it into effect. *See, e.g.*, *Lapicola v. Alternative Dual Fuels*, Civ. No. 3-02-cv-0299, 2002 U.S. Dist. LEXIS 5941, at *2 (N.D. Tex. Apr. 5, 2002). The stay is in effect now because two motions to dismiss remain pending. (*See* Doc. Nos. 169; 181.) Therefore, the Court need not issue a separate protective order.

## CONCLUSION

For the foregoing reasons, the Court **ORDERS** that Defendant's omnibus motion (Doc. No. 126) be **GRANTED** as to Defendant's request to quash the March 30, 2026 subpoena served on Bank of America and **DENIED** as to Defendant's requests for: (1) current and future sanctions, (2) the return, destruction, and suppression of evidence, and (3) a protective order.

**So ORDERED and SIGNED this 14th day of October, 2026.**

JOHN D. LOVE
UNITED STATES MAGISTRATE JUDGE